**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

BENJAMIN M. EASTMAN and MARCITA K. )
EASTMAN, as Trustees of the )
Eastman Family 1999 Revocable )
Trust, )
 )
                 Plaintiffs, )  **CIVIL ACTION**
 )
v. )  No.  10-1216-MLB-KGG
 )
COFFEYVILLE RESOURCES REFINING & )
MARKETING, LLC., )
 )
                 Defendant. )
 )

**MEMORANDUM AND ORDER**

Before the court are the following:

1) Defendant Coffeyville Resources Refining & Marketing, LLC.'s motion to dismiss (Doc. 10) and memorandum in support (Doc. 11).  Plaintiffs Benjamin and Marcita Eastman's response (Doc. 12) and defendant's reply (Doc. 15).

2) Plaintiffs' motion to amend their complaint (Doc. 16) and memorandum in support (Doc. 17).  Defendant's response (Doc. 18) and plaintiffs' reply (Doc. 20).

Defendant moves to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  For the reasons stated below, plaintiffs' motion to amend their OPA claim is denied and defendant's motion to dismiss plaintiffs' OPA claim is granted. Defendant's motion to dismiss plaintiffs' continuing nuisance claim is denied.

**I. BACKGROUND**

On June 30, 2007, the Verdigris River flooded in Coffeyville, Kansas. The following day, defendant was required to shutdown its refinery because of the flood waters. During the shutdown, defendant accidentally released 80,000 gallons of crude oil and 9,000 gallons of crude oil fractions into the flood waters, which spread crude oil throughout areas of Coffeyville and into parts of Oklahoma.

On June 29, 2010, plaintiffs faxed a Notice of Claim to defendant's counsel alleging $50,000 in damages. One day later, on June 30, plaintiffs filed their complaint alleging that defendant's crude oil released into the flood waters on July 1, 2007, created a continuing nuisance on property owned by a trust in which plaintiffs serve as trustees. Plaintiffs also stated that they intended to file an OPA claim after the 90-day presentment period expired.

On October 12, 2010, plaintiffs moved to amend their complaint to add the OPA claim. Plaintiffs alleged that the 90-day period had expired and that defendant did not respond to their OPA claim.

**II. ANALYSIS**

Defendant asserts that the court lacks subject matter jurisdiction because the applicable statute of limitations bars plaintiffs' OPA claim. Defendant also asserts that plaintiffs' nuisance claim is not properly in federal court because the two-year statute of limitations has run and additionally, because plaintiffs' damages are not in excess of $75,000.

**1. OPA Claim**

<u>90-day Presentment Requirement</u>

Plaintiffs move to amend their complaint to add a claim under the

-2-

Oil Pollution Act ("OPA"). Defendant responds that plaintiffs have not complied with the 90-day presentment requirement under 33 U.S.C. § 2713(a) and (c)(2).

"OPA provides that all claims for damages shall be presented first to the party responsible for the spill." Johnson v. Colonial Pipeline Co., 830 F. Supp. 309, 310 (E.D. Va. 1993). The relevant statute, 33 U.S.C. § 2713, reads in pertinent part:

> (a) Presentation
>
> Except as provided in subsection (b) of this section, all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source designated under section 2714(a) of this title.
>
> \*        \*        \*
>
> (c) Election
>
> If a claim is presented in accordance with subsection (a) of this section and --
>
> (1) each person to whom the claim is presented denies all liability for the claim, or
>
> (2) the claim is not settled by any person by payment within 90 days after the date upon which (A) the claim was presented, or (B) advertising was begun pursuant to section 2714(b) of this title, whichever is later,
>
> the claimant may elect to commence an action in court against the responsible party or guarantor or to present the claim to the Fund.

The presentment requirement is a mandatory condition precedent to bringing an OPA claim. Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc., 51 F.3d 235, 240 (11th Cir. 1995). If plaintiffs have failed to comply with the 90-day presentment requirement, then the court lacks subject matter jurisdiction over any claim brought under the OPA. Id.

The court has reviewed the following cases: Zands v. Nelson, 779

-3-

F. Supp. 1254 (S.D. Cal. 1991); Clorox Co. v. Chromium Corp., 158 F.R.D. 120 (N.D. Ill. 1994); Hayes v. Browner, Nos. 98-CV-145-BU, 97-CV-1090-BU, 1998 WL 34016834 (N.D. Okla. Oct. 29, 1998); and Forest Guardians v. U.S. Bureau of Reclamation, 462 F. Supp. 2d 1177 (D. N.M. 2006). The facts in Clorox and Zands were that the plaintiffs filed original complaints, which did not include Resource Conservation and Recovery Act ("RCRA") claims. They then sent the defendants their notice of claim letters. After the 60-day presentment period had expired, the plaintiffs amended their complaints to include claims under the RCRA. The courts in Clorox and Zands found that the plaintiffs had complied with the 60-day presentment period.

Forest Guardians was brought under the Endangered Species Act which provides that in actions brought by private citizens, the plaintiffs must provide the Secretary with a "Notice of Intent" (NOI) 60 days before filing suit. 16 U.S.C. § 1540(g)(2)(A). Plaintiffs sued without complying with § 1540(g)(2)(A) and defendant moved to dismiss. Plaintiffs then sent the NOI and 60 days later filed a Fed. R. Civ. P. 15(d) motion to supplement their complaint. The court, after noting that many of the claims in the proposed supplemental complaint were identical to those in the original complaint, refused to grant the motion. In other words, the combination of plaintiffs' inclusion of an ESA claim in their original complaint coupled with their failure to provide an NOI was a fatal, incurable defect.

This case is more like Clorox and Zands. Plaintiffs faxed defendant their notice of claim on June 29, 2010, and on the following day filed their complaint alleging only a continuing nuisance claim. Defendant claims that plaintiffs did not wait until the 90 days had

-4-

passed before filing their complaint. This is true; however, plaintiffs' original complaint did not include an OPA claim. Plaintiffs merely stated that they intended to file an OPA claim after the 90-day period expired.

Defendants argue that plaintiffs did not present their OPA claim in a non-adversarial manner because the original complaint created an adversarial relationship between the parties. This argument was unsuccessful in Clorox. 158 F.R.D. at 126. In Clorox, the court stated that "[t]he Hallstrom opinion does not stand for the proposition that subsection (b)(2)(A) requires an absolute non-adversarial period, precluding one from filing a complaint upon a theory other than the RCRA." Id. (citing Hallstrom v. Tillamook County, 493 U.S. 20 (1989)).

The Tenth Circuit has held that notice should be given when there is a non-adversarial relationship between the parties. See New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc., 72 F.3d 830, 833 (10th Cir. 1996) (noting that "the purpose of pre-suit notice is to allow the parties time to 'resolve their conflicts in a nonadversarial time period[]'"). However, that case is factually distinguishable. In New Mexico Citizens, two plaintiffs sued under the Clean Water Act but only one gave the pre-suit notice. Then a settlement was reached by all parties. The district court awarded attorneys' fees to both plaintiffs but the Circuit reversed the award as to the non-noticing plaintiff, finding that it was "not a proper party to the action." Id. Although the court recognized the purpose of the "non-adversarial period," it did not address the factual situation in this case nor did it hold that there must be an

-5-

absolute non-adversarial period.

Here, the adversarial relationship between the parties during the 90-day period was not related to plaintiffs' OPA claim. See Hayes, 1998 WL 34016834 at 6 (distinguishing Clorox and Zands because "the parties in those cases had been in an adversarial position at the time of the service of the required notice, [but] the adversarial position was due to the assertion of different claims by the plaintiffs[]"). The fact that plaintiffs announced an intent to file an OPA claim, in and of itself, does not state an OPA claim.

The court finds that plaintiffs properly presented their OPA claim to defendants and waited 90 days before moving to amend their complaint to add the OPA claim. Defendants were fully aware of plaintiffs' position and damages regarding their OPA claim 90 days before it was before the court. Defendants could have negotiated and settled with plaintiffs on their OPA claim in a non-adversarial manner but chose not to, perhaps because of the statute of limitations.

## Statute of Limitations

Defendants also claim that plaintiffs should not be permitted to amend their complaint to add the OPA claim because the three-year statute of limitations has run. Plaintiffs respond that the amendment to their complaint relates back to the original date of filing of their complaint.

An action under the OPA is barred if it is not brought within three years after "the date on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the exercise of due care ...." 33 U.S.C. § 2717(f)(1)(A). On July 1, 2007, plaintiffs allege that defendant's crude oil was

-6-

released into the flood waters.  Plaintiffs filed their complaint on June 30, 2010, just within the three-year mark, but the complaint did not assert an OPA claim.

Federal Rule of Civil Procedure 15(c)(1) provides, in part:

An amendment to a pleading relates back to the date of the original pleading when:

\*     \*     \*

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading ...

The original complaint must give defendant fair notice of the factual situation in which the suit arises from. Spillman v. Carter, 918 F. Supp. 336, 340 (D. Kan. 1996).

The general rule is that the relation back doctrine is applied to statutes of limitations as opposed to making a claim premature. City of Heath, Ohio v. Ashland Oil, Inc., 834 F. Supp. 971, 983 (S.D. Ohio 1993) (citing 3 James Moore, et al., Moore's Federal Practice, ¶ 15.15[5] (1992)).  However, there is an exception which is recognized when a notice period is required by statute.  Because an OPA claim requires a 90-day notice and a nonadversarial period, the court must look to the date of the amended complaint. City of Heath and Zands are instructive in this regard:

> [I]n a case in which the claims requiring notice were first asserted in the amended complaint, the court held the date of the amended complaint controlled for measuring the notice period. Zands v. Nelson, 779 F. Supp. 1254, 1259 (S.D. Cal. 1991). ...
>
> In this case plaintiff's original complaint contained CERCLA claims, but claims under RCRA were first asserted in the amended complaint. This Court will follow the reasoning of the court in Zands and use the date of the amended complaint.

-7-

834 F. Supp. at 984.

The statutory language in the RCRA provides: "no action may be commenced ...." 42 U.S.C. § 6972(b)(1). The statutory language in 33 U.S.C. § 2713(a) provides: "all claims for removal costs or damages shall be presented first to the responsible party ...." Cases involving OPA claims interpret the presentment rule to be a mandatory condition precedent. Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., supra and Gabarick v. Laurin Maritime (America) Inc., No. 08-4007, 2009 WL 102549, at *3 (E.D. La. Jan. 12, 2009).

The court equates "shall be presented first" to "no action shall be commenced." In accordance with Zands, the court cannot look back to the original complaint because the OPA claim was not commenced at that time. Furthermore, if the amended complaint were to relate back to the date of the original complaint, the OPA claim would be treated as having commenced on June 30, 2010, which is before the 90 days had expired. Therefore, plaintiff's OPA claim cannot relate back to the June 30 filing date and is barred by the three-year statute of limitations. Plaintiffs' motion to amend its complaint to add an OPA claim is denied.

**2. Continuing Nuisance Claim**

<u>Amount in Controversy</u>

Plaintiffs original complaint is brought under 28 U.S.C. § 1332, diversity jurisdiction and alleges an excess of $75,000 in actual <u>and</u> punitive damages. Defendant asserts that the court lacks jurisdiction over plaintiffs' continuing nuisance claim because they alleged only $50,000 of actual damages in their OPA notice of claim.

Punitive damages may be considered in determining the amount of

controversy for diversity jurisdiction when it is an available remedy. Woodmen of World Life Ins. Society v. Manganaro, 342 F.3d 1213, 1218 (10th Cir. 2003). "Under Kansas law, punitive damages may be imposed for a willful and wanton invasion of an injured party's rights, the purpose being to restrain and deter others from committing like wrongs." Miller v. Cudahy Co., 858 F.2d 1449, 1457 (10th Cir. 1988) (upholding punitive damages awarded in continuing nuisance case). This court will not apply K.S.A. 60-3703, which prohibits a tort claim for punitive damages from being included in the petition. Whittenburg v. L.J. Holding Co., 830 F. Supp. 557, 565 n. 8 (D. Kan. 1993) (noting that district courts hold K.S.A. 60-3703 to be purely procedural in nature and in conflict with Fed. R. Civ. P. 9(g)).

The court may consider plaintiffs' claim for punitive damages in determining the amount of controversy. Punitive damages is an available remedy for a continuing nuisance claim under Kansas law. Plaintiffs have successfully plead damages in excess of $75,000 and the court has jurisdiction under 28 U.S.C. § 1332.

## Statute of Limitations

Defendants nevertheless argue that plaintiffs' continuing nuisance claim is time-barred by the two-year statute of limitations pursuant to K.S.A. 60-513. Plaintiffs respond that the applicable statute of limitations is three years under K.S.A. 60-512(2) because K.S.A. 65-6203 creates a statutory right of recovery. Plaintiffs further allege that because K.S.A. 65-6203 does not contain a statute of limitations, the three-year statute of limitations under K.S.A. 60-512(2) applies.

Under Kansas law, "[a]n action upon a liability created by a

-9-

statute other than a penalty or forfeiture[]" shall be brought within three years. K.S.A. 60-512(2).

> The 3-year statute of limitations "applies when a statute creates a new, substantive right not recognized at common law, but not when a statute merely affords relief for certain violations of existing common-law rights." Kelly v. Primeline Advisory, Inc., 256 Kan. 978, 983, 889 P.2d 130 (1995). Stated another way, K.S.A. 60-512(2) applies when a statute creates a liability where liability would not exist but for the statute. If the statute merely provides a procedure for obtaining relief, it does not trigger K.S.A. 60-512(2).

McCormick v. City of Lawrence, 278 Kan. 797, 798-99, 104 P.3d 991, 992 (2005). The court looks to whether the elements necessary for a violation of the common law action are the same as those for a violation of the statute. McCormick, 104 P.3d at 994.

K.S.A. 65-6203 essentially imposes strict liability for accidental releases of harmful materials, Coffeyville Resources Refining & Marketing, LLC v. Liberty Surplus Ins. Corp., 714 F. Supp. 2d 1119, 1162-63 (D. Kan. 2010) on reconsideration in part --- F. Supp. 2d ---, 2010 WL 4272861 (D. Kan. Oct. 25, 2010), and provides in pertinent part:

> (a) It shall be the duty of any person responsible for an accidental release or discharge of materials detrimental to the quality of the waters or soil of the state to: (1) Compensate the owner of the property where the release or discharge occurred for actual damages incurred as the result of the release or discharge, or as the result of corrective action taken or access to take corrective action, if the release or discharge occurred without any contribution to the contamination and without any causal connection to the release or discharge by any action of the owner or owner-permitted occupant of the property; and (2) comply with all existing rules and regulations and requirements of the secretary of health and environment designed to ensure the prompt correction of any such release or discharge for the protection of the public health and environment.

> (b) Any owner or subsequent purchaser of land, upon which there has occurred an accidental release or discharge of materials detrimental to the quality of the waters or soil of the state, which occurred without any contribution to the contamination and without any causal connection to the release or discharge by any action of the owner or the owner-permitted occupant of the property, shall not be liable for any costs of subsequent remedial action required as a result of changes in standards adopted after the time of such accident, if such owner or purchaser can demonstrate that: (1) The persons responsible for the correction of the release or discharge were allowed timely and adequate access to perform the duty imposed by subsection (a)(2), upon reasonable prior assurance that any actual damages incurred as the result of allowing access will be promptly reimbursed, and the secretary of health and environment, or the secretary's agents, were allowed timely and adequate access to oversee the corrective action; and (2) the secretary of health and environment has approved the corrective action and certified that the action taken has met all requirements and rules and regulations of the secretary, or conditions of administrative orders or agreements which were in effect at the time of the accidental release or discharge. The provisions of this section shall apply to both releases and discharges and remedial actions taken prior to the effective date of this act and releases and discharges and remedial actions taken hereafter.

K.S.A. 65-6203(a)-(b).

Kansas courts define nuisance as "'an annoyance, and any use of property by one which gives offense to or endangers life or health, violates the laws of decency, unreasonably pollutes the air with foul, noxious odors or smoke, or obstructs the reasonable and comfortable use and enjoyment of the property of another may be said to be a nuisance.'" Culwell v. Abbott Const. Co., Inc., 211 Kan. 359, 362, 506 P.2d 1191, 1195 (1973). A private nuisance is the unlawful interference with a person's use or enjoyment of his land that does not exist apart from the interest of a landowner. Id. at 1196. Nuisance may result from intentional or negligent conduct and in some cases, conduct without fault, i.e. strict liability. Lofland v.

-11-

Sedgwick County, 26 Kan. App. 2d 697, 700, 996 P.2d 334, 336 (Kan. Ct. App. 1999).

The court finds that the elements plaintiffs must establish for their nuisance claim are the same as those required to establish liability under K.S.A. 65-6203. For both, plaintiffs must show that defendant released chemicals which interfered with plaintiffs' use of their land that resulted in damages. K.S.A. 65-6203 makes defendant strictly liable for this interference, which also establishes the "unlawful" element for plaintiffs' nuisance claim. Therefore, K.S.A. 65-6203 does not create a new substantive right for plaintiffs separate from their nuisance claim.

Because K.S.A. 65-6203 does not provide a substantive right separate from plaintiffs' nuisance claim, the applicable statute of limitations is K.S.A. 60-513, which provides in pertinent part:

> (a) The following actions shall be brought within two (2) years:
> 
> \*  \*  \*
> 
> (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.
> 
> \*  \*  \*
> 
> (b) Except as provided in subsections (c) and (d), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.

Miller, 858 F.2d at 1453. Plaintiffs' continuing nuisance claim is subject to Kansas' two-year statute of limitations.

Nevertheless, plaintiffs argue that because their nuisance is continuing in nature, a separate two-year statute of limitations begins with each new injury. Defendants do not address this issue in their reply.

> Under Kansas law, the plaintiff has the option of suing for either permanent or temporary damages. See Augustine v. Hinnen, 201 Kan. 710, 443 P.2d 354, 355-56 (1968). If permanent damages are sought, an action claiming such damages must be brought within two years. (Citations omitted). "Permanent damages are given on the theory that the cause of injury is fixed and that the property will always remain subject to that injury." McAlister v. Atlantic Richfield Co., 233 Kan. 252, 662 P.2d 1203, 1211 (1983). They "are damages for the entire injury done-past, present and prospective-and generally speaking [are] those which are practically irremediable." Id.
>
> \*            \*            \*
>
> If the injury or wrong is classified as temporary, the limitation period starts to run only when the plaintiff's land or crops are actually harmed, and for purposes of the statute of limitations, each injury causes a new cause of action to accrue, at least until the injury becomes permanent. (Citations omitted). This rule is especially applicable if the situation involves elements of uncertainty, "such as the possibility or likelihood of the alteration or abatement of the causative condition." (Citations omitted). The rule is predicated upon the defendant's ability and duty to abate the existing conditions which constitute the nuisance. (Citations omitted).

Miller, 858 F.2d at 1454. The court looks to three factors when determining whether the injury is continuing or permanent: (1) the nature of the causative structure, (2) the nature of the damages, and (3) the ability to determine or estimate damages. Dougan v. Rossville Drainage Dist., 270 Kan. 468, 473, 15 P.3d 338, 344 (2000).

Plaintiffs claim that the damage caused by the crude oil released into the flood waters is not permanent, but abatable. Plaintiffs further allege that the injury to their yearly pecan crops could be

-13-

remedied and defendants are under a legal duty to do so. With each new pecan crop, plaintiffs say that they suffer a new injury.

Keeping in mind the standards which govern motions to dismiss, the court finds that plaintiffs' injury, as alleged, is continuing and recurring as long as defendant does not remove or remedy the crude oil on plaintiffs' property. "'[T]he principle upon which one is charged as a continuing wrongdoer is, that he has a legal right, and is under a legal duty, to terminate the cause of the injury.'" Dougan, 15 P.3d at 345. Furthermore, it is difficult to determine or estimate the damages because plaintiffs produce a new pecan crop each year. The price and production of pecans vary from year to year and furthermore, the effect of the crude oil on each crop is difficult to determine. Although defendant's release of the crude oil was a one-time occurrence, the injury to plaintiffs' pecan crop recurs each year.

Plaintiffs have consistently alleged a continuing nuisance claim. Their claim is for temporary damages and is not barred by the two-year statute of limitations. Plaintiffs' injuries occurring between June 30, 2008, and June 30, 2010, are not barred by the two-year statute of limitations and defendant's motion to dismiss plaintiffs' continuing nuisance claim is denied.

**III. CONCLUSION**

Defendants' motion to dismiss (Doc. 10) is granted in part and denied in part. Plaintiffs' motion to amend their complaint to add an OPA claim is denied. (Doc. 16).

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously

-14-

misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau</u>.

IT IS SO ORDERED.

Dated this <u> 19th </u> day of November 2010, at Wichita, Kansas.

<u>s/ Monti Belot             </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE