IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BENJAMIN M. EASTMAN and MARCITA K. )
EASTMAN, as Trustees of the )
Eastman Family 1999 Revocable )
Trust, )
 )
              Plaintiffs, )   **CIVIL ACTION**
 )
v. )   No. 10-1216-MLB-KGG
 )
COFFEYVILLE RESOURCES REFINING & )
MARKETING, LLC., )
 )
              Defendant. )
_____)

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Coffeyville Resources Refining & Marketing, LLC's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(a). (Doc. 25). The matter has been fully briefed and is ripe for decision. (Docs. 26, 27, 28). For the reasons stated herein, defendant's motion is denied.

## I. Introduction

Defendant's motion for reconsideration states that the court erred in the following ways: 1) by not considering three cases cited in defendant's response to plaintiffs' motion to amend to add the OPA claim (Doc. 18) and 2) by concluding that plaintiff's nuisance claim is continuing in nature.

## II. General Standards of Law

Motions to reconsider are governed by Local Rule 7.3(b), which states in pertinent part, "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent

manifest injustice." Furthermore, the court's summary judgment order informed the parties that any motion to reconsider should comply with the standards enunciated in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). In <u>Comeau</u>, this court said:

> The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.

<u>Comeau</u>, 810 F. Supp. at 1174-75 (internal quotations and citations omitted). "'A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.'" <u>Cline v. S. Star Cent. Gas Pipeline</u>, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting <u>Sithon Mar. Co. v. Holiday Mansion</u>, 177 F.R.D. 504, 505 (D. Kan. 1998)).

Fed. R. Civ. P. 60(a) is applicable to oversights.

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

### III. Analysis

Defendant claims that the court made an oversight when it stated that "[defendant] did not address the continuing nuisance issue (p. 13)." Defendant request that the court review its arguments and

-2-

authorities and modify its Memorandum and Order (Doc. 23) accordingly.

In its Memorandum and Order, the court stated that defendant did not address the issue of whether plaintiffs' nuisance claim was continuous in nature in its reply. (Doc. 23 at 13). Contrary to defendant's position, defendant did not cite Kansas Pac. Ry. Co. v. Mihlman, 17 Kan. 224, 1876 WL 947 (July 1876); Kansas City v. Frohwerk, 10 Kan. App. 120, 62 P. 432 (Kan. Ct. App. 1900); and Adams v. Arkansas City, 188 Kan. 391, 362 P.2d 829 (1961) in its reply to its motion to dismiss. Instead, defendant cited Mihlman, Frohwerk, and Adams in its response to plaintiffs' motion to amend to add the OPA claim. The court denied plaintiffs' motion to amend and did not consider defendant's response for purposes of its motion to dismiss plaintiff's continuing nuisance claim. There is no oversight to correct.

This brings the court to defendant's second claim of error. Even if the court had considered Mihlman, Frohwerk, and Adams, its determination as to whether plaintiffs' nuisance claim was continuing in nature would not have changed because of the legal standard governing a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (expanding Atl. Corp. v. Twombly, 550 U.S. 544, (2007) to discrimination suits); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow 'the court to draw the reasonable inference that the defendant is liable for the

-3-

misconduct alleged.'" Schmidt v. DJO, LLC, No. 09-cv-02683-WYD-MEH, 2010 WL 3239249, at *2 (D. Colo. Aug. 12, 2010) (quoting Iqbal, 129 S.Ct. at 1949). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue remains not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

In its Memorandum and Order, the court found that plaintiffs had sufficiently pled enough facts to support their position that the nuisance was continuing in nature.

> 10. The conduct of the defendant has created a continuing nuisance under the common law of this state and this Court has jurisdiction to adjudicate these claims. Oil remains on the plaintiffs' property and continues to impact the plaintiffs' pecan grove. Each year a new crop of pecans is damaged by the oil that remains on the subject property.

(Doc. 1 at 3-4). In their response (Doc. 15 at 5), plaintiffs also stated:

> In the instant case, the damage is not permanent and it is abatable. The defendant is under a legal duty to do so. The injury to the plaintiffs' yearly pecan crops could be remedied. With each fall and each new pecan crop, the plaintiffs suffer further injury. The damage is continuing in nature, and as such, each year the plaintiffs have a new cause of action.

Defendant claims that it is not under a legal obligation to remedy plaintiffs' new injuries to their pecan grove and any remaining

oil is beyond its control. While this may be true, and the court is not deciding one way or another, this issue is disputed by the parties and must be resolved in favor of plaintiffs on a motion to dismiss. Defendant's arguments are not grounds for reconsideration.

**IV. Conclusion**

There has been no intervening change of law, no new evidence, or need to prevent clear error or manifest injustice. Defendant's motion for reconsideration (Doc. 25) is denied.

IT IS SO ORDERED.

Dated this ____ day of December 2010, at Wichita, Kansas.

Monti L. Belot
UNITED STATES DISTRICT JUDGE